

FILED
JAN 16 2008
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LISA MARIE WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>SIMI VALLEY POLICE DEPARTMENT,<br><br>    Defendants. | Case No.  CV 07-3044-GPS (MLG)<br><br>ORDER ACCEPTING AND ADOPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has reviewed the complaint and all of the records and files herein, including the Report and Recommendation to which objections were filed. The Court accepts and adopts the findings and recommendations of the United States Magistrate Judge in the Report and Recommendation attached hereto and orders that judgment be entered on behalf of defendant and that the complaint be dismissed without prejudice.

Dated: 1/14/08

_____
George P. Schiavelli
United States District Judge

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.
DATED: 9-11-07
DEPUTY CLERK

FILED
SEP 11 2007
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LISA MARIE WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>SIMI VALLEY POLICE DEPARTMENT,<br><br>    Defendants. | Case No. CV 07-3044-GPS (MLG)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On May 8, 2007, Plaintiff, proceeding *pro se*, filed a civil rights complaint naming the Simi Valley Police Department and several of its police officers as defendants. On May 11, 2007, the Court ordered that service of the complaint be effected on the individual defendants.[1] Plaintiff was specifically informed that pursuant to Fed.R.Civ.P. 4(m), she had until September 4, 2007 in which to effect service or obtain a waiver of service as to the individual defendants. Plaintiff was also informed that her failure to serve any defendant could result in dismissal of that defendant under Rule 4 and/or for failure to prosecute. Service was not effected and no further contact has been made with the Court.

---

[1] On the same date, the Court entered an order dismissing the complaint with leave to amend as to the Department. Plaintiff did not file an amended complaint as to that defendant as directed.

1 | "If service of the summons and complaint is not made upon a
2 | defendant within 120 days after the filing of the complaint, the
3 | court, upon motion or on its own initiative after notice to the
4 | plaintiff, shall dismiss the action without prejudice as to that
5 | defendant or direct that service be effected within a specified
6 | time." Fed.R.Civ.P. 4(m); *see Boudette v. Barnette*, 923 F.2d 754, 757
7 | (9th Cir. 1991)(affirming dismissal of complaint for failure to
8 | timely serve the summons and complaint); *Townsel v. County of Contra
9 | Costa*, 820 F.2d 319, 320 (9th Cir. 1987)(same). The 120-day period
10 | may be extended by the Court upon a showing of good cause. *See*
11 | Fed.R.Civ.P. 4(m). This Report and Recommendation shall serve as the
12 | required notice.

13 | While the court is mindful that Plaintiff is proceeding *pro se*,
14 | she nonetheless has a responsibility to follow the Rules of Civil
15 | Procedure and to effect service. Plaintiff has failed effect service
16 | and she has not requested leave to extend the time for effecting
17 | service. The failure to effect service warrants dismissal of this
18 | action by reason of Rule 4(m).

19 | In addition, Courts possess the discretionary authority to
20 | dismiss an action based on a plaintiff's failure to diligently
21 | prosecute. Fed.R.Civ.P. 41(b); Local Rule 12.1. Unreasonable delay
22 | by the plaintiff is sufficient to justify dismissal, even in the
23 | absence of actual prejudice to the defendant. *See Link v. Wabash
24 | R.R. Co.*, 370 U.S. 626, 629-630, 8 L.Ed.2d 734, 737-738 (1962); *Moore
25 | v. Teflon Communications Corp.*, 589 F.2d 959, 967 (9th Cir. 1978);
26 | *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

27 | "Dismissal is a harsh penalty and is to be imposed only in
28 | extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423

(9th Cir. 1986). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423).

In weighing these factors, the court concludes that dismissal without prejudice is appropriate in this case. The interest of the public and the court in bringing cases to resolution weighs in favor of dismissal. There are no other sanctions available when a party has failed to prosecute or effect service. Moreover, the failure to file the first amended complaint in the time allowed evinces an intent not to proceed with this action.

Accordingly, it is recommended that this action be dismissed without prejudice for failure to effect service and failure to prosecute.[2]

Dated: September 11, 2007

Marc L. Goldman
United States Magistrate Judge

---

[2] Plaintiff may file objections to this order. If objections are filed, Plaintiff must show good cause for failing to effect service and failing to file a first amended complaint in the time allowed. Should good cause be shown, the Report and Recommendation will be vacated.

3